STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE YARROW, PLAINTIFF IN ERROR.

Argued February 8, 1928—Decided March 22, 1928.

For the plaintiff in error, *Edison J. Hedges.*

For the defendant in error, *Joseph J. Summerill, Jr.,* prosecutor of the pleas.

The opinion of the court was delivered by

.WALKER, CHANCELLOR. The plaintiff in error, defendant below, George Yarrow, was convicted in the Gloucester County Court of Oyer and Terminer of murder in the first degree, without recommendation to life imprisonment, and thereupon received sentence of death. He now brings error into this court and assigns, files and serves six assignments, "reasons or causes" for reversal, as follows: (1) because the trial court erred in ruling that the purported confession by the defendant of the murder charged against him was voluntary; (2) and (3) because the trial court erred in admitting in evidence what purported to be the defendant's voluntary confession, which was procured by violence, threats and intimidation;

(4) because the trial court erred in excluding from the jurors' presence and consideration the testimony concerning the question as to whether the confession was voluntary or involuntary; (5) because the trial court erred in not submitting to the jury the disputed question of fact as to whether or not the confession was voluntary, there being much credible testimony that the same was obtained by threats, violence and intimidation, and the court should have instructed the jury that if they believed the confession was thus abstracted, the same should have been excluded, and in the court's failure so to do the defendant suffered manifest harm (wrong) and injury; and (6) that the verdict of the jury was against the weight of the evidence, because if the confession were excluded sufficient evidence would not remain to convict.

The defendant brought this case here under section 136 of the Criminal Procedure act, but did not specify or serve any causes in the record relied upon for relief or reversal under section 137, unless his adding to the assignments of error the words "reasons or causes," and filing both as a single pleading, amounts to compliance. Such is not the established practice, and is unusual; there being quite generally specified and served separate causes for relief and reversal under section 137 of the Criminal Procedure act; assignments and specifications of causes being things apart from each other. However, no point is made of this, for, *in favorem vitae,* the entire record will be considered as invoked by proper proceedings.

The assignments of error and causes for reversal, reduced to a minimum, amount to these: (1) because the trial court erred in excluding the jury when taking the testimony on the question of the confession; (2) because the court erred in admitting the confession as voluntary, and in not submitting to the jury the disputed question as to whether or not it was voluntary, and (3) because the verdict of the jury was against the weight of the evidence, because if the confession were excluded, sufficient evidence would not remain to convict the defendant.

The first two of these objections relate exclusively to the confession. And on the hearing of the motion to admit the

same in evidence the jury was excluded from the court room on application of defendant's counsel, and, after the testimony on the question of the voluntariness of the confession had been submitted, the court said:

"The ruling of the court is—this is a court question—that the evidence satisfies me that whatever statement was made by Mr. Yarrow on this occasion was a voluntary statement. He says himself that there were no promises made, and the testimony that he was induced by any threats is fully met and more than counter-balanced by that testimony offered by the state, so that the ruling of the court is that the statement taken by Mrs. Lewis at this time will be received in evidence. Mrs. Lewis, you may take the stand. Mr. Lieberman (attorney of record for defendant), you may have an exception. (Exception noted for the defendant.)"

*First.* It is claimed on behalf of the defendant that manifest harm (wrong) and injury resulted from the court's having excluded the jury after the proceedings already mentioned took place. Yarrow himself was sworn before the court on the question of the confession and claimed that it was extorted by threats and fear. After the testimony was taken the judge admitted the confession and allowed an exception. But, clearly, a defendant who requests that the jury be withdrawn during the examination of witnesses on a court question, cannot afterwards be heard to say that the action, which he induced, was wrong and injurious to him.

In *State* v. *Gruff,* 68 *N. J. L.* 287, this court had before it the question of the admission of a confession by the defendant in a criminal case (murder), and said that the duty of the judge on the question of admitting the confession being distinct from that of the jury, it was not erroneous for him to conduct such examination out of their presence; and Mr. Justice Dixon, writing the opinion (at *p.* 290), said:

"Usually, indeed, the testimony to be considered by the judge on the points mentioned should be taken in the presence of the jury; for it will tend not only to instruct the judge as to the admissibility of the confession, but also to enlighten the jury as to the credibility of the confession if admitted in evidence. But when, as here, the evidence ten-

dered on the preliminary question of admissibility is such as would unfavorably affect the prisoner in the minds of the jury, and illegally if the confession were finally held to be not admissible, it certainly promotes the due administration of law for the judge alone to hear the evidence in the first instance. If he then holds the confession to be admissible, the same evidence, so far as it relates to the credibility of the confession, can be repeated before the jury. Such a course avoids, on one hand, the exclusion of a confession which has, in fact, all the essentials of legal evidence, although those essentials may not be susceptible of extrinsic proof, and, on the other hand, avoids the disclosure to the jury of inculpatory declarations of the prisoner, which, in fact, lack some essential of legal evidence."

Now, there is no objection or exception whatever anywhere in the record to the effect that the court erred in excluding the jury when taking the testimony concerning the confession; and, therefore, there was no authority for assigning as error that the trial court wrongly excluded the jury on that occasion. Nor did the defendant suffer any wrong or injury in the court's action, which was matter of discretion.

*Second.* It is alleged that the court erred in admitting the confession as voluntary and in not submitting to the jury the disputed question as to whether or not it was voluntary. *State* v. *Monich,* 74 *N. J. L.* 522, was in this court on writ of error. The defendant had been convicted of murder in the first degree and sentenced to death. The prosecutor put in evidence certain dying declarations, and the late Chancellor Pitney, writing the opinion for this court, said:

"In short, evidence of declarations admitted as dying declarations stands, as we think, upon precisely the same legal footing, as far as review on error is concerned, as testimony of confessions made by the defendant while in custody. In the case of such a confession, where its admissibility is challenged, the primary question for the determination of the trial court is the question of fact, whether the defendant in confessing acted voluntarily, or, on the contrary, was under the influence of fear or hope. If there be any legal evidence to support the finding of the trial judge to the effect that the

confession was voluntarily made, his finding is not subject to legal exception and not reviewable upon writ of error that rests alone upon such an exception."

The question that is not subject to exception and review on legal error is the question of the voluntariness of the confession and its admission in evidence, and Chancellor Pitney, further on in the opinion (in the Monich case—at *p.* 529), said:

"The determination of the question whether a declaration that is offered as a dying declaration was in truth made under a sense of impending death, like the determination of the cognate question whether a defendant's confession was made voluntarily, is for the trial court, and not for the jury. The question relates to the admissibility of evidence, and like all similar questions is not reviewable by the jury.

"Whether the deceased spoke the truth when she declared that the defendant had shot her was for the jurors' determination. Whether the witnesses who testified that she made such a declaration testified truthfully, was likewise for the jury to decide. But in our opinion it was not their province to lay aside all evidence of her declarations upon coming to a conclusion that she was not impressed with a sense of impending death when she made them."

In *State* v. *Morehous,* 97 *N. J. L.* 285, this court reviewed the admissibility of a confession in a murder case, and Mr. Justice Katzenbach, writing the opinion, said:

"The question as to whether or not a defendant is entitled to have the question of the admissibility of a confession submitted to the jury was decided in the Monich case adversely to the defendant. In that case a dying declaration had been made by the deceased (a dying declaration and confession standing on the same legal footing), and admitted in evidence. The defendant requested the court to charge, in effect, that the jury could revise the finding of the court as to the admissibility of the dying declaration. The court refused to so charge, and this refusal was sustained by this court. The question, then, of the admissibility of a confession is one for the determination of the court. If there be legal evidence to support the finding, the court's finding is not subject to legal

exception, and not reviewable upon a writ of error that rests alone upon such exception."

Now, what is not subject to exception is the court's finding, if that finding be that the confession were voluntary, as already remarked; but, as was said in the Monich case, whether the deceased spoke the truth when she declared that the defendant had shot her was for the jury's determination— whether the witnesses who testified that she made such a declaration testified truthfully was likewise for the jury to decide. And, as we have seen, confessions are on a par with dying declarations, and the question before this jury, therefore, was whether the slayer spoke the truth when he declared that he had killed the deceased, and whether the witnesses who testified that he made such a statement testified truthfully. But in order to raise this question before the jury, it was necessary for the defendant to offer evidence on that subject before them. This he did not do (except cross-examining the stenographer who took it), but after the ruling on the confession had been made, and an exception allowed on its admission in evidence, the jury were brought back into the court room, and the confession was read to them from a type-written copy made by the stenographer who took it, and she was cross-examined by counsel for the defendant. And the court not having been requested to instruct the jury on the subject of the confession at all, the charge in that regard is not subject to review on error. *State* v. *Linker,* 94 *N. J. L.* 411. Nor was the defendant in anywise harmed by the judge in instructing the jury on that particular question, irrespective of any objection.

*Third.* There is one other assignment of error or cause for reversal, and that is, that the verdict was against the weight of the evidence, because if the confession were excluded, sufficient evidence did not remain to convict the defendant. The assignment was thus qualified.

In *State* v. *Lanto,* 99 *N. J. L.* 94, this court held that in considering whether a verdict is against the weight of evidence the appellate court is not concerned with the legality of the testimony before the jury, and should not set the verdict aside because it may rest on illegal evidence. If the

illegal evidence were properly objected to, the verdict may be reversed on that ground, but not for the reason that the verdict was against the weight of the evidence. This is fatal to this objection so far as any assignment of error is concerned, and, also, it is unobjectionable on any review of the record.

Giving full force and effect in this case to the broad review required when a cause is brought here under section 136 of the Criminal Procedure act (whether or not our jurisdiction is invoked by the specification and service of causes in this record relied upon for relief and reversal under section 137), and having examined the entire record of the proceedings had upon the trial of the defendant, we are of opinion that on the trial below he suffered no wrong or injury in the admission of testimony, or in the charge of the court, or in the denial of any matter by the court, which was matter of discretion; and that no error intervened which in anywise prejudiced the defendant in maintaining his defense upon the merits. See *State* v. *Sage*, 99 *N. J. L.* 229, 233.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, BLACK, CAMPBELL, LLOYD, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 11.

*For reversal*—None.